MERRITT, Circuit Judge,
concurring.
I agree with the result but not the reasoning in Judge Cook’s opinion in this case. Judgment in favor of the plaintiff in this civil case for damages would not ordinarily affect the validity of the previous state criminal judgment. In Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (which was not a search and seizure case made non- *393 cognizable in habeas corpus), the Court in dicta said that a § 1983 case for unreasonable searches “does not encompass the injury of being convicted and imprisoned” and “may lie even if the challenged search produced evidence” resulting in the earlier conviction. The recent case of Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), relied on in Judge Cook’s opinion, is a statute of limitations case unrelated to the question before us. I, therefore, would not make the result dependent on an analysis of the “inevitable discovery” doctrine or the “good faith” exception or other methods of reducing the bite of the Fourth Amendment.
As a practical matter we need a relatively stable, clear, understandable rule for these § 1983, Fourth Amendment, constitutional tort cases. We do not need a who-knows-what-it-means, discretionary standard that says that the § 1983 cause of action may be dismissed in certain cases if the main evidence of criminal guilt was the product of a grossly illegal search. For example, if the police break into a doctor’s office, as in the Daniel Ellsberg case, and find evidence of a patient’s guilt, we should not dismiss the later constitutional tort action because the wrong produced crucial evidence ip the criminal case. Otherwise, the more Gestapo-like the constitutional violation, the more likely that the Gestapo will get away unscathed. A vague, malleable, non-principled, discretionary standard seems hardly compatible with the text of the Fourth Amendment outlawing unreasonable searches of the home. Here we are dealing with a search of Harper’s home, the very place the Founding Fathers were most concerned about protecting when they wrote and adopted a rule against unlawful searches. In a controversial case, the Nixon-Burger Court, see Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), jettisoned the exclusionary rule in habeas cases by overruling in part the Eisenhower-Warren Court’s decision in Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). I would not now jettison in constitutional tort cases most of the rest of the remedies the Fourth Amendment has heretofore been interpreted to provide when the police invade a person’s home. Nor would I water down the rule by creating a discretionary standard or multiple exceptions that depend on a judge’s views about “inevitable discovery,” “harmless error,” or Leon’s “good faith” exception.